```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
```
**NORTHERN DIVISION at COVINGTON**

| | | |
|---|---|---|
| PAULA ZELESNIK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. |
| | ) | 2:20-cv-143-JMH |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MITCH MCCONNELL, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Paula Zelesnik, proceeding without counsel, has filed a civil action against Senator Mitch McConnell, former Ohio Governor John Kasich, current Ohio Governor Mike DeWine, Hamilton County Prosecutor Joe Deters, and Mimi Drees, an individual from Kentucky. [DE 1]. Zelesnik has also moved for leave to proceed in forma pauperis. [DE 2]. For the reasons that follow, Zelesnik's fee motion will be **GRANTED,** but her case will be **DISMISSED**.

I

Zelesnik's extensive litigation history has been detailed in prior orders of this Court and the Northern and Southern Districts of Ohio. *See, e.g.*, *Zelesnik v. Bevin*, et al., Case No. 2:18-cv-113-WOB (E.D. Ky. 2018) (compiling cases); *Zelesnik v. Deters*, et al., Case No. 1:20-cv-52-MWM-SKB (S.D. Ohio 2020) (enjoining plaintiff from future *pro se* filings in the Southern District of Ohio without an attorney's good faith certification). In the present matter, the handwritten portions of Zelesnik's complaint

are very difficult to read. However, the complaint on the whole appears to take issue with Senator Mitch McConnell's relationship with the General Electric Company ("GE"). Zelesnik broadly asserts that Senator Mitch McConnell has "put the military in danger and continues to do so" and also "put [her] life in danger and continues to do so." [DE 1 at 4]. Zelesnik does not seek money damages but rather requests that (1) Senator McConnell be removed from office; (2) McConnell "restore the money GE has stolen from the people"; and (3) her name be removed from all GE materials.

The Court has reviewed the financial information provided by Zelesnik [DE 2] and will indeed allow her to proceed in this matter as a pauper, waiving the administrative and filing fees. Accordingly, the Court conducts a preliminary screening of Zelesnik's complaint. *See, e.g., In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (noting the district court must still screen complaints filed by non-prisoners under § 1915(e)). Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss any portion of Zelesnik's complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted.

## II

Upon review, and even liberally construing the *pro se* complaint, Zelesnik's claims will be immediately dismissed upon screening. Like the numerous cases other Zelesnik has previously

filed, her complaint in this case fails to articulate a valid legal basis for her claims—or even to properly articulate any claims in the first instance. To state a viable claim for relief, a complaint must set forth more than broad conclusions. A complaint must contain sufficient factual matter, that when accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Zelesnik wholly fails to do this here. As mentioned above, the Court is unable to read much of the complaint, and the complaint provides no context for the Court to evaluate the few portions that it is indeed able to decipher.

Notably, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). After reviewing the complaint and its context (or lack thereof), the Court finds that Zelesnik's allegations do not provide the required level of facial plausibility under the Federal Rules of Civil Procedure or governing case law. *See Ashcroft*, 556 U.S. at 678-79 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that

3

requires the reviewing court to draw on its judicial experience and common sense."); *Apple*, 183 F.3d at 479. Zelesnik's claims are thus properly dismissed upon screening. *See* 28 U.S.C. § 1915(e)(2).

### III

For the foregoing reasons, the Court hereby **ORDERS** as follows:

(1) The plaintiff's motion to proceed *in forma pauperis* [DE 2] is **GRANTED** and the filing and administrative fees in this matter are **WAIVED**;

(2) This matter is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2); and

(3) Judgment shall be entered contemporaneously herewith.

This the 9th day of October, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge